**In re JUDICIAL CAMPAIGN COMPLAINT AGAINST HILDEBRANDT.**

Commission of Five Judges
Appointed By
Supreme Court of Ohio.

No. 96–2495.

Decided Jan. 27, 1997.

2

ORDER OF THE COMMISSION OF JUDGES.

This matter came to be reviewed by a commission of five judges appointed by the Supreme Court of Ohio pursuant to Gov.Jud.R. II(5)(E)(1) and R.C. 2701.11. The commission members are: Judges David A. Ellwood, Chair; James D. Sweeney; R. Scott Krichbaum; Charles E. Henry; and John R. Adkins.

Complainant, David Mann, was a candidate in the November 1996 general election for the First District Court of Appeals for a term beginning on February 9, 1997. Respondent, Lee Hildebrandt, Jr., was complainant's opponent in the November 1996 election and currently serves on the First District Court of Appeals. Respondent was reelected at the November 1996 election.

On or about October 25, 1996, the complainant filed a judicial campaign grievance with the Secretary of the Board of Commissioners on Grievances and Discipline. Attached to the grievance as exhibits were a videotape of a television campaign advertisement run by respondent, an audiotape of a radio campaign advertisement run by respondent, and transcripts of the videotape and audiotape. Complainant contended that these advertisements misstated his position as a member of Congress on the death penalty and his 1992 election to Congress, and further maintained that the respondent, in running these advertisements, failed to maintain the dignity appropriate to judicial office. The grievance alleged violations of Canons 7(B)(1), (B)(2)(c), (B)(2)(d), (B)(2)(f), and (E)(1) of the Code of Judicial Conduct.

On October 29, 1996, the Secretary of the Board of Commissioners on Grievances and Discipline issued a formal complaint based on the grievance filed by the complainant. In the three counts of the formal complaint, the secretary found probable cause that the respondent:

- Violated Canon 7(E)(1) of the Code of Judicial Conduct by communicating false information about his opponent in three material respects through radio and television advertisements;
- Violated Canon 7(B)(2)(f) of the Code of Judicial Conduct by knowingly misrepresenting certain facts about his opponent;
- Violated Canon 7(B)(1) in failing to maintain the dignity appropriate to his judicial office by refusing to stop using a false radio and television advertisement.

The Board of Commissioners on Grievances and Discipline convened a three-member hearing panel that conducted a hearing on the formal complaint on November 4, 1996. On November 7, 1996, the hearing panel issued findings of fact, conclusions of law, and a recommendation, which are appended to this order. (See Appendix.) The hearing panel found that the statement contained in respondent's television and radio advertisements, that "[a]ccording to the district attorneys, he [complainant] voted to end the death penalty," was misleading and violated Canon 7(B)(2)(f) and (E)(1) of the Code of Judicial Conduct. The hearing panel stated:

" * * * This is a clear violation of Canon 7. There can be no doubt that withholding information in a judicial campaign to explain the reason for a negative statement about another misleads the public and lessens the [public's] confidence in the judiciary. The Supreme Court should not tolerate such conduct. * * *" See Appendix.

The hearing panel further concluded that the statement in respondent's radio advertisement that the complainant "ran for judge, then dropped out, then ran for Congress and lost," was incorrect and clearly misleading in violation of Canon 7(B)(2)(f) and (E)(1) in that it failed to include the fact that the complainant had won election to Congress in 1992 before being defeated in 1994. The hearing panel also found that the respondent's failure to stop running the advertisements after the complainant had informed him by letter of October 22, 1996 of the inaccuracies of the advertisements and asked respondent to stop running the advertisements was improper and constituted a failure on the part of the respondent to maintain the dignity appropriate to judicial office as mandated by Canon 7(B)(1).

The hearing panel recommended that the respondent cease and desist from running the advertisements containing the false and misleading statements. The panel also recommended the imposition of a $750 fine and assessment of costs against the respondent.

The matter is now before a five-judge commission appointed by order of the Supreme Court on November 19, 1996.

Having reviewed the record of the hearing before the three-member panel, including the radio and television advertisements in question, the panel's findings of fact, conclusions of law, and recommendations, and the briefs filed by the parties, the commission finds that there is clear and convincing evidence that respondent violated the provisions of Canon 7(B)(1), (B)(2)(f), and (E)(1) as alleged in the complaint. We concur in and adopt the statements contained in the hearing panel's report regarding the severity of the respondent's misconduct in running television and radio advertisements that were designed to mislead the

**4**

public with respect to the complainant's voting record in Congress and his service as a public official. In addition, the record indicates that the advertisements in question were timed to appear on radio and television two to three weeks prior to the election, thus providing complainant little time to respond publicly to the misstatements or seek redress prior to the election through the expedited grievance process contained in Gov.Jud.R. II, Section 5.

Moreover, we are distressed, as was the hearing panel, that respondent failed to verify personally the content of the advertisements, particularly after he was informed in writing by the complainant of the incorrect statements. Judicial candidates have a duty under Canon 7 to ensure the truthfulness of statements that are communicated by their campaign committees with their knowledge. See Canon 7(F). Respondent breached that duty by failing to ascertain the accuracy of his campaign advertisements and take steps to ensure the accurate portrayal of the complainant's Congressional voting record and record of election to public office.

While we agree with the hearing panel's findings of fact and conclusions of law with regard to the violations committed by the respondent, we find the panel's recommended sanction to be inadequate given the gravity of the respondent's violations and the need to deter the respondent and other judicial candidates from engaging in similar misconduct in the future. The public interest, and the interest of the judiciary and the legal profession, in the dignified and appropriate conduct of judicial elections is better served by a more stringent sanction that addresses the severity of respondent's violations, the timing of the misleading advertisements, and the respondent's failure to react appropriately once he became aware that his advertisements contained false and misleading information.

Gov.Jud.R. II, Section 5(E)(1) authorizes this commission, once it determines that a violation of Canon 7 has occurred, to order the imposition of a disciplinary sanction against the respondent. "Disciplinary sanction" is defined in Gov.Jud.R. II, Section 5(A)(3) as any of the sanctions that may be imposed pursuant to Rule V, Section 6(A) of the Rules for the Government of the Bar of Ohio, removal from judicial office, or suspension from judicial office. For the reasons set forth above and because, pursuant to R.C. 2701.12(A)(1), we find by clear and convincing evidence that the conduct of the respondent results in a substantial loss of public respect for the judicial office held by respondent, the commission hereby orders that:

1. The respondent be suspended from judicial office without pay for a period of six months, effective February 9, 1997.

2. The entire term of the suspension is stayed, and the respondent is placed on probation for a period of six months, subject to the respondent's compliance with the terms of this order.

3. Prior to February 9, 1997, the respondent shall personally prepare and distribute to complainant and all radio stations, television stations, and newspapers of general circulation in Hamilton County a public statement indicating that he was found by a commission of judges appointed by the Supreme Court of Ohio to be in violation of Canon 7 of the Code of Judicial Conduct based on a finding of misconduct on the part of the respondent that occurred during the 1996 general election campaign for the First District Court of Appeals. The public statement shall include a description of the nature of the violations and an apology to the complainant and the citizens of Hamilton County. Prior to distributing the public statement, a draft of the public statement shall be submitted to the secretary of the commission for the commission's review and approval.

4. For the reasons mentioned previously, we find that the hearing panel's sole recommended sanction of a $750 fine and costs is woefully inadequate given the nature of and circumstances surrounding the respondent's misconduct. Accordingly, the respondent shall pay a fine of $15,000 and costs of these proceedings before the board hearing panel and this commission to the Clerk of the Supreme Court on or before April 30, 1997. The board's costs are outlined in the statements of necessary expenses filed with the Supreme Court on November 7, 1996 and November 15, 1996. The secretary of this commission shall issue a statement of the costs before this commission.

5. Unlike other judicial or attorney disciplinary proceedings in which the alleged violations of the Code of Judicial Conduct and Code of Professional Responsibility are brought and prosecuted by the Disciplinary Counsel or local certified grievance committees, the complainant is charged with prosecuting a judicial campaign grievance filed pursuant to Gov.Jud.R. II, Section 5. In so doing, the complainant is serving the public interest in ensuring the dignified and appropriate conduct of judicial elections in Ohio. The complainant in this action has incurred substantial attorney fees and deposition costs as reflected by the affidavits filed on January 13, 1997. In his reply brief filed on January 20, 1997, the respondent contends that an award of the complainant's reasonable and necessary attorney fees and expenses should be limited to $7,537.50 in fees and $426 in expenses. We agree with the respondent's contention and find the attorney fees and deposition costs outlined in respondent's reply brief to be reasonable and necessary. We further find that an award of these expenses to be in furtherance of the public interest and within the inherent authority of a commission charged with imposing disciplinary sanctions to craft a sanction that is appropriate under the circumstances. Accordingly, the respondent is ordered

to pay complainant's attorney fees in the amount of $7,537.50 and expenses of $426. Payment of attorney fees and deposition costs shall occur prior to April 30, 1997, and the respondent shall certify payment to the secretary of this commission.

These orders are subject to the continuing jurisdiction of this commission and may be modified by future orders.

*So ordered.*

DAVID A. ELLWOOD, Chairman, JAMES D. SWEENEY, R. SCOTT KRICHBAUM, CHARLES E. HENRY and JOHN R. ADKINS, JJ., concur.

## APPENDIX

Before the Board of Commissioners On Grievances
and Discipline of The Supreme Court of Ohio

Case No. 96–J–06

In re: Judicial Campaign Complaint Lee Hildebrandt, Jr. *RESPONDENT*

David Mann, *COMPLAINANT*

*FINDINGS OF FACT, CONCLUSIONS OF
LAW, AND RECOMMENDATION OF
THE HEARING PANEL*

This matter came to be considered pursuant to a hearing by a duly authorized panel of the Board of Commissioners on Grievances and Discipline ("board") on November 4, 1996, pursuant to Gov.Jud.R. II, Sec. 5 and Gov.Bar R. V, upon a judicial campaign complaint filed against Lee Hildebrandt, Jr. by complainant David Mann. The hearing panel consisted of George Gerkin of Sylvania, a lay member and current member of the board; Attorney Steven C. Hollon of Dayton, a past member of the board; and, chairman, Attorney David S. Bloomfield of Columbus, a past member of the board. As required by Gov.Jud.R. II, Sec. 5(C)(1), none of the members of the panel is a resident of the judicial district from which the complaint arose.

## I. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Respondent is admitted to the practice of law in the State of Ohio and is a judicial candidate for the First District Court of Appeals for the November, 1996 election.

Respondent is currently a member of that court.

Respondent in the course of the judicial campaign in both television and radio ads stated about his opponent,

1. "According to the district attorneys he voted in Congress to end the death penalty."

2. "[He] ran for judge then dropped out, then ran for Congress and lost."

The ads are still being used as of the date of the hearing according to the testimony of the Respondent notwithstanding the Complainant's request delivered personally to the Respondent on October 22, 1996 to stop doing so, stating that the information was false at least as far as the vote in Congress regarding the death penalty.

The Respondent testified that he relied upon a statement in a newspaper that his opponent had voted against the death penalty without reviewing the matter in detail and relied upon a newspaper statement. Further he testified that he did see the basis for the newspaper statement, *viz.*, a letter to the President and Attorney General from the National District Attorneys Association of April 29, 1994, stating in pertinent part: "The district attorneys of this nation * * * see this Act as nothing less than a sub-rosa attempt to end the imposition of the death penalty * * *."

The Complainant testified that while a member of Congress he did not vote to end the death penalty and conveyed same to the Respondent. Complainant also testified that he ran for judge, dropped out, then ran for Congress and won. He then lost his initial bid for reelection but did not lose the initial election for Congress after dropping out of the judicial race in question.

While the Complainant and Respondent both wanted to raise other matters not in issue, there were only three issues on which the panel took testimony and evidence. Those issues are found in the complaint as Counts I, II, and III.

The facts herein are not in dispute. The only dispute is whether these facts constitute a violation of the Judicial Canons—specifically Canon 7.

The Ohio Code of Judicial Conduct states, at Canon 7(E)(1), the following:

"(E) Campaign Communications

" * * * a judicial candidate * * * [in] an advertisement on radio or television * * * shall not knowingly or with reckless disregard do any of the following:

"(1) * * * broadcast information concerning * * * an opponent either knowing the information to be false or with a reckless disregard of whether or not it was false or, if true, that would be deceiving or misleading to a reasonable person."

8

The complaint against the Respondent asserts that he has violated the above-stated part of Canon 7 of the Ohio Code of Judicial Conduct by stating that the complainant voted against the death penalty according to the District Attorneys Association and that he ran for judge, dropped out, ran for Congress and lost. This panel finds that the Respondent has violated that section of the Ohio Code of Judicial Conduct. The average person hearing the statement, "According to the district attorneys he voted to end the death penalty," would be led to believe that the candidate voted to end the death penalty and that "the district attorneys [sic]" said so. Such is not the case. The term "district attorneys" was nowhere explained in the ad but only in reference to the National District Attorneys Association letter of April 29, 1994 in which the Complainant was never mentioned, nor does it actually say that anyone voted against the death penalty. Rather, that letter states that voting for a particular cited act in front of Congress would be in [the district attorneys'] organization's opinion equivalent to voting against the death penalty. It is clear that the Complainant did not so vote and when the veneer of the matter is peeled away that Respondent is making an argument without presenting the underlying facts to the public thereby misleading the public. Respondent and one witness indicated that Respondent relied upon others to help him formulate the ads in question. Nonetheless, Respondent must take the credit or blame for his actions as a candidate for judicial office. Respondent attended a judicial seminar on this very matter. This is a clear violation of Canon 7. There can be no doubt that withholding information in a judicial campaign to explain the reason for a negative statement about another misleads the public and lessens the confidence in the judiciary. The Supreme Court should not tolerate such conduct.

Further, stating that his opponent dropped out of one race, ran for another, and lost leaves the public with the clear belief that there was no intervening election. Such is not correct and is misleading. Again, had the Respondent explained the complete facts that his opponent won the seat in Congress and then lost the next election, then it would not be misleading to the average voter. To argue after the fact and try to justify the clearly misleading statement made in his media ads is disingenuous and inappropriate in a judicial campaign. This is also a clear violation of Canon 7. Thus, there has been a showing by clear and convincing evidence of a violation as set forth in Count I of the complaint.

The second count in the complaint states that there was a violation of the Ohio Code of Judicial Conduct, at Canon 7(B)(2)(f), which states the following:

"(B) Political and Campaign Conduct in General

" * * *

"(2)  A judge or judicial candidate shall not do any of the following:

" * * *

"(f)  Knowingly misrepresent his * * * [any] fact of an opponent."

This count is basically duplicative of Count I and thus has been addressed above.  Therefore we find a violation herein for the very same reasons set forth in Count I and attach no further significance thereto.

The third count in the complaint states that there was a violation of the Ohio Code of Judicial Conduct, at Canon 7(B)(1), which states the following:

"(B)  Political and Campaign Conduct in General

"(1)  A judge or judicial candidate shall maintain the dignity appropriate to judicial office."

The third count states that the Respondent refused to stop false advertisements.  The Complainant notified the Respondent personally in writing that the ads in question were false at least regarding the Complainant's voting record while in Congress.  It was the testimony of the Respondent that he received the request to stop but did not do so after consulting with his campaign committee.  He also stated that he did not believe the complaint was valid and felt that the ads were correct.  This the panel finds most disturbing.  The other violations could possibly have been explained but not when the Respondent was confronted with the letter from the Complainant.

As a judicial candidate the Respondent was put on notice that his campaign ads were viewed as a misrepresentation and should have reviewed the matter personally rather than relying on others.  A judicial candidate should not allow partial truths or misleading statements to be disseminated as was the case herein.  There can be no clearer indication that the Respondent failed to maintain the dignity of his high office than when he failed to take the letter of October 22, 1996 (Exhibit E attached to the complaint) seriously enough to do more than pass on the responsibility as to its accuracy to others.  Had the Respondent simply checked the sources that his committee had relied upon he would have been able to ascertain that the ads were not entirely correct.

As the record demonstrates, the Complainant never voted against the death penalty and when the opportunity arose he was recorded as voting in its favor.  The panel did not delve into the reason this issue was interjected into a judicial campaign or its propriety under the rules.  For the reasons set forth in the discussion concerning Count I, Respondent misled the public when he stated that the complainant had voted to end the death penalty and relied improperly on a

newspaper article that summarized a letter that was available to him so that he could ascertain the truth for himself once he was alerted to the matter.

The Respondent acted improperly in allowing the ads to continue without verifying their content himself. Unfortunately he relied on zealous individuals assisting his campaign, one of whom testified at the hearing. Such demeans the judiciary and causes the Respondent to have failed to maintain the dignity appropriate to the judicial office he holds and seeks to retain. The panel believes that the violation in Count III is clear and convincing and hopes that it never recurs in any judicial campaign.

## RECOMMENDATION

The panel does not view this as a case involving a mere technical violation of the Ohio Code of Judicial Conduct. It is especially disconcerting to know that the Respondent as a candidate for judicial office was not aware of the clear violations of Canon 7 in making misleading and/or incorrect statements in his media advertisements. Lawyers and judges are held to a high standard and are licensed to behave according to a set of rules that others do not have to follow. The judicial rules are clear, and it is very disheartening to hear a sitting jurist try to explain away obvious misstatements as was the case herein. For judges there can be no doubt as to the clear meaning of Canon 7(F):

"Accountability.

"A judicial candidate shall be responsible for the content of any statement communicated in any medium by his or her campaign committee * * * if the candidate knew of the statement. * * *".

The Respondent testified that he knew of the statements in question and also of their questioned falsity but did not exercise good judgment in allowing them to remain without at least investigating further.

As a result, it is the recommendation that Respondent cease and desist from using the ads in question in any form or forum and make it very clear what he was trying to say about the Complainant's voting record on the death penalty while a member of Congress and exactly what the National District Attorneys Association said or did not say on the issue and about the Complainant. This truly reflects poorly on the office of the judiciary and does not maintain the dignity appropriate to a judicial candidate or the office he is seeking to hold or retain. Rather, he should make it abundantly clear whenever he characterizes a vote of an opponent or a position that there be no confusion as to the exact facts upon which the advertisement relies and the exact facts in question. Also,

because of the nature of the violation and Respondent's continued use of ads in question even after the matter came to his attention, a fine should be imposed.

Regarding the first and second counts, Respondent has violated Canon 7 without a clear statement of the facts. As such he should cease and desist from any media advertising that contains the terms and language used in the exhibits entered into evidence at the hearing, including but not limited to Exhibits C and D attached to the complaint herein. Respondent must cease and desist from stating that his opponent voted to end the death penalty according to the district attorneys and to claim that his opponent dropped out of one race and then lost another without a full and fair explanation of what the true facts actually are.

This panel, therefore, recommends that the Respondent cease and desist from the conduct set forth in Counts I and II immediately. The Respondent is currently in violation of Canon 7 of the Ohio Code of Judicial Conduct as set forth hereinabove and should carefully avoid such violations in the future. Because the Respondent continued in the proscribed conduct and did not indicate at the hearing that he understood the gravity of his conduct concerning Counts I, II and III, this panel recommends that there be a fine imposed in the amount of $750.

Because of the proximity to an election and the fact that the violation is ongoing, it is the recommendation of the panel that the Ohio Supreme Court consider this matter on an expedited basis unless the Respondent were to cease and desist on his own and certify same to the Supreme Court.

Therefore, it is the recommendation of this panel that a violation of Canon 7 be found and that the Respondent cease and desist from the conduct set forth in Counts I and II and be fined in the amount of $750.

Further, the costs of this proceeding should be taxed to the Respondent.

A motion for protective order was filed (facsimile) by Respondent on November 2, 1996. It was overruled on the same day. The Complainant's motion for sanctions is also overruled.

Respectfully submitted this 7th day of November, 1996.

DAVID S. BLOOMFIELD, Chairman, STEVEN C. HOLLON and GEORGE GERKEN, concur.