## MISCELLANEOUS ORDERS

**2002–2114.   In re Judicial Campaign Complaint Against Per Due.**

## BEFORE THE COMMISSION OF FIVE JUDGES
## APPOINTED BY
## THE SUPREME COURT OF OHIO

## OPINION

This matter came to be reviewed by a commission of five judges appointed by the Supreme Court of Ohio pursuant to Rule II, Section 5(E)(1) of the Rules for the Government of the Judiciary of Ohio and Section 2701.11 of the Revised Code. The commission members are: Judge Deborah A. Alspach (Marion County Domestic Relations Court), Chair; Judge Jeffrey E. Froelich (Montgomery County Common Pleas Court); Judge Joseph M. Houser (Mahoning County Court No. 2); Judge Kathleen Ann Sutula (Cuyahoga County Common Pleas Court); and Judge Michael J. Voris (Clermont County Domestic Relations Court). Keith Bartlett, Director of the Legal and Research Support Division, was appointed by the Court as Secretary to the Commission.

Complainant Alfred Mackey is a judge of the Ashtabula County Court of Common Pleas and was a candidate for reelection in the November 2002 election. Respondent, David Per Due, was complainant's opponent in that election.

The facts of this matter are no longer at issue. Complainant filed four separate grievances with the Board of Commissioners on Grievances and Discipline alleging violations of various provisions of the Code of Judicial Conduct relative to judicial campaign practices. Following a review by a probable cause panel of the Board pursuant to Gov. Jud. R. II, Section 5(C)(1)(a) and based on instructions from that panel, the Secretary of the Board filed four formal complaints against the respondent. The complaints are detailed in the hearing panel's report, which is attached to this opinion as Appendix A, and may be summarized as follows:

> B.C.G.D. Case No. 02–J–04 Respondent identified himself in campaign literature after the primary as a "conservative Republican" in violation of Canon 7(B)(3)(c). (After the primary election, a judicial candidate may identify himself only *in person* as a member of a political party.)

> B.C.G.D. Case No. 02–J–06 Respondent distributed literature that contained misleading information concerning Judge Mackey's actions in the case of *State of Ohio v. O'Draye Jones.* The literature erroneously implied that Jones murdered a police officer while on probation to Judge Mackey. Since Respondent knew that implication was not correct, the distribution of the literature was a violation of Canon 7(E)(1). (A candidate shall not

knowingly distribute information "that would be deceiving or misleading to a reasonable person.")

B.C.G.D. Case No. 02–J–07 Count One charged that in a newspaper article respondent characterized certain financial contributions made to his opponent's campaign as "despicable" and said those contributors were "trying to buy a judgeship," in violation of Canon 7(B)(1). ("A judge or judicial candidate shall maintain the dignity appropriate to judicial office.") Count Two of this complaint concerned a disputed endorsement of respondent by a congressman but a majority of the panel held that a violation had not been proved by clear and convincing evidence.

B.C.G.D. Case No. 02–J–08. Respondent's campaign committee broadcast a radio advertisement that said "Don't let the lawyers inside and outside of Ashtabula County buy the Ashtabula County judgeship" and implied that judicial decisions by his opponent were for sale by stating that "I was always told justice was blind, not green." This was alleged to be a violation of Canons 7(B)(1), 7(B)(2)(f), and 7(E)(1).

The Board convened a three-member hearing panel, which conducted a hearing on the four formal complaints on November 25, 2002. The hearing panel dismissed Case Number 02–J–08, finding that the complainant did not, by clear and convincing evidence, establish a violation of the Code of Judicial Conduct, and issued a separate entry of dismissal. However, on December 10, 2002, the hearing panel issued its findings of fact, conclusions of law, and recommendations, wherein the panel found, by clear and convincing evidence, violations in the other three cases. In Case No. 02–J–04, the panel found that respondent knowingly violated Canon 7(B)(3)(c). In Case No. 02–J–06, the panel found that respondent knowingly violated Canon 7(E)(1), and also concluded that "Respondent failed to demonstrate genuine remorse for this violation." As to Case No. 02–J–07, the panel found that respondent knowingly violated Canon 7(B)(1), but also found that complainant did not establish that Respondent knowingly violated Canons 7(B)(2)(f) and 7(E)(1).

As a sanction for these violations, the hearing panel recommended that respondent be publicly reprimanded and pay all costs of the proceedings.

On February 6, 2003, the Supreme Court appointed this five-judge commission to review the report of the hearing panel pursuant to Gov. Jud. R. II, Section 5(E)(1). The commission was provided with the record certified by the Board, a copy of the Board's record in the three cases in which a violation was found (02–J–04, 02–J–06, and 02–J–07), a transcript of the November 25, 2002 proceeding before the hearing panel, and exhibits presented at the hearing.

The commission was also provided a copy of the opinion in Case No. 02–1745, *In re Judicial Campaign Complaint Against David Per Due* ("Per Due I"), filed October 28, 2002. That case involved the same parties and the same election, but different facts and a different five-judge commission. That commission found that respondent Per Due violated Canon 7(B)(5) by failing to complete a two-hour course on judicial campaign practices, finance, and ethics as least one year prior to or thirty days after respondent's candidacy was certified by the Ashtabula County Board of Elections. For that violation, the commission imposed a fine of $100.00, with the fine suspended, and costs.

On February 7, 2003, the parties were sent a letter by the Secretary of the Commission asking if they would object to or otherwise contest the findings and recommendations of the hearing panel, which both parties answered in the negative. Thereafter, the commission met by telephone conference on February 11, February 19, and March 26, 2003.

Pursuant to Gov. Jud. R. II, Section 5(E)(1), the five-judge commission is required to review independently the report of the hearing panel and ascertain whether clear and convincing evidence exists to support a determination that respondent violated the Code of Judicial Conduct. Having reviewed the entire record, the commission hereby affirms and adopts the findings of fact and conclusions of law set forth in the hearing panel's report, and finds by clear and convincing evidence that respondent violated the provisions of the Code of Judicial Conduct as set forth in that report.

The commission also is required to independently review the recommended sanction and determine if it is appropriate for the violations that are found. Upon examination of the recommended sanctions,

the Commission noted several findings contained in the Panel's report.

In B.C.G.D. Case No. 02–J–06, the Hearing Panel found respondent's conduct "particularly egregious in light of the fact that Respondent thoroughly reviewed the criminal file before he created and participated in distributing the misleading document." The panel further concluded that respondent failed to demonstrate genuine remorse for this violation.

In B.C.G.D. Case No. 02–J–07, the panel found that respondent's accusation that petitioner's campaign was trying to "buy a judgeship" fell below the standards of dignity appropriate for judicial office. The panel made note that this was especially true in light of the fact that respondent stated that he held petitioner in high regard and never believed that Judge Mackey could be bought.

The Commission concurs with these findings. The Commission finds, however, that the recommended sanctions fail to apply sufficient weight to the violations given their egregious nature.

The purpose of sanctions is to inform other judicial candidates of the seriousness of such violations and to deter future similar misconduct. A sanction that may result in effective deterrence best serves the public interest and the profession. Therefore, we find it necessary to modify the sanction recommended by the panel.

> Unlike other judicial or attorney disciplinary proceedings in which the alleged violations of the Code of Judicial Conduct and Code of Professional Responsibility are brought and prosecuted by the Disciplinary Counsel or local certified grievance committees, the complainant is charged with prosecuting a judicial campaign grievance filed pursuant to Gov. Jud. R. II, Section 5. In so doing, the complainant is serving the public interest in ensuring the dignified and appropriate conduct of judicial elections in Ohio. * * * We further find that an award of these expenses to be in furtherance of the public interest and within the inherent authority of a commission charged with imposing disciplinary sanctions to craft a sanction that is appropriate under the circumstances. *In re: Judicial Campaign Complaint Against Lee Hildebrandt, Jr.* (1997), 82 Ohio Misc.2d 1, 1997 Ohio Misc. LEXIS 252.

After its second telephone conference, the commission issued an order allowing the parties to file written briefs and reply briefs solely on the question of whether a fine, payment of the complainant's attorney fees and expenses, or other sanctions should be imposed. The complainant filed a brief; the respondent did not.[1]

Considering all of the evidence before us, including, as did the hearing panel, respondent's earlier campaign violation in Case No. 02–1745 and precedent established by other judicial campaign cases, we find that an award of attorney fees is appropriate in this case.

Appended to complainant's brief were invoices submitted by his counsel that showed attorney fees totaling $1,720.00 and expenses totaling $281.50.[2] After considering all of the evidence and the factors contained in Disciplinary Rule 2–106(B), we find these fees and expenses to be reasonable.

Accordingly, it is the unanimous conclusion of the judicial commission that the respondent, David Per Due, be publicly reprimanded, that he pay the complainant's attorney fees of $1,720.00 and expenses of $281.50, and that he pay the costs of these proceedings.

The Secretary shall issue a statement of costs before this commission and instructions regarding the payment of those costs, costs certified by the Board of Commissioners on Grievances and

---

1. Respondent did not file a brief or a reply brief. Instead, he sent a letter directly to the chair of this commission, in which he asked that attorney fees not be imposed against him. We note this with concern, in that by sending this letter, respondent contravened the Supreme Court's Order of February 6, 2003, which stated that all pleadings and documents were to be filed with the Clerk of the Supreme Court and service upon the Commission was to be made by serving the Secretary. Such a communication was not an appropriate response to an order of this commission.

2. We note that complainant's counsel, Timothy Bojanowski, substantially reduced his fee as a professional courtesy pursuant to Ethical Consideration 2–17 of the Code of Professional Responsibility.

Discipline, and attorney fees and expenses. Payment of all costs and monetary sanctions shall be made by August 1, 2003. This order shall be published by the Supreme Court Reporter of Decisions in the manner prescribed by Rule V, Section 8(D)(2) of the Rules for the Government of the Bar of Ohio.
So Ordered.

_____
Judge Deborah A. Alspach, Chair

_____
Judge Jeffrey E. Froelich

_____
Judge Joseph M. Houser

_____
Judge Kathleen Ann Sutula

_____
Judge Michael J. Voris