DISCIPLINARY COUNSEL *v.* KAUP.

[Cite as *Disciplinary Counsel v. Kaup,*
102 Ohio St.3d 29, 2004-Ohio-1525.]

(No. 2003–1864—Submitted December 15, 2003—Decided April 14, 2004.)

---

**Per Curiam.**

{¶ 1} On February 10, 2003, relator, Disciplinary Counsel, filed a two-count complaint charging respondent, Gerhard "Gary" H. Kaup of Middletown, Ohio, Attorney Registration No. 0011210, with several violations of the Code of Judicial Conduct. The respondent answered, admitting some facts and disputing others.

{¶ 2} On July 18, 2003, a panel of the Board of Commissioners on Grievances and Discipline conducted a hearing. At the hearing, the parties agreed to stipulations of facts and exhibits. Additionally, respondent testified before the panel and offered an additional exhibit that was accepted into evidence.

{¶ 3} The stipulations and evidence established that respondent was admitted to the practice of law in Ohio in October 1967. In 2002, respondent was a candidate for a newly created judgeship in the Common Pleas Court of Butler County, Ohio, and was a judicial candidate in the Republican primary election held on May 7, 2002. Respondent decided to name his campaign committee the "Neighborhood Protection Council for Gary Kaup," but the campaign committee was also referred to, at times, as the "Neighborhood Protection Council Supporting Gary Kaup." The parties agreed that the Neighborhood Protection Council was not a political action committee formed under Ohio or federal laws. Respondent agreed that the council was not a corporation, a partnership, or any entity other than simply his own campaign election committee.

{¶ 4} As a judicial candidate in the primary, respondent caused to be published and distributed various forms of campaign literature to support his candidacy. For example, respondent caused to be published and distributed during the

campaign a placard, seven inches by three inches, which included on the front the words "Neighborhood Protection Council has endorsed Gary Kaup for Judge." The back of the placard included the words "NEIGHBORHOOD PROTECTION COUNCIL has endorsed Gary Kaup." A statement in very small print declared that the advertisement was "Paid for by Neighborhood Protection Council supporting Gary Kaup" and named one of its treasurers.

{¶ 5} Respondent also caused to be published and distributed a letter addressed to "Fellow Republicans" under the letterhead "NEIGHBORHOOD PROTECTION COUNCIL supporting Gary Kaup for Common Pleas Judge." The letter stressed Kaup's qualifications and attitudes on law and order, including a statement referring to "police departments" and stating, "They need all of us to help including the full support and backing from judges as well." That language was followed by the statement, in bold and underlined print, **"That's why the Neighborhood Protection Council is endorsing Gary Kaup for the new Common Pleas Judge position."** The letter also stated, "Our Council has looked over the Common Pleas Court candidates and only one has the Common Pleas Court experience, the community volunteering record, the mature understanding to know the importance of crime free neighborhoods to residents and their children." On the reverse side, the letter twice noted that the "Neighborhood Protection Council" had "endorsed" respondent. The letter also stated, "The Neighborhood Protection Council urges you to vote Gary Kaup and help protect Butler County Neighborhoods." The letter, at the very bottom, contained a statement in very small print: "Paid for by Neighborhood Protection Council Supporting Gary Kalp" and named a treasurer.

{¶ 6} The panel found that the placard and the letter were designed to mislead voters into believing that an organization called the "Neighborhood Protection Council" had endorsed and supported respondent's candidacy for common pleas judge. As the panel noted, "[i]n reality, no entity called the 'Neighborhood Protection Council' ever existed. In fact, 'Neighborhood Protection Council' was actually a shortened version of the name of Respondent's campaign committee, i.e., 'Neighborhood Protection Council for Gary Kaup.' "

{¶ 7} The panel concluded that respondent had not disclosed that his asserted endorsement by the "Neighborhood Protection Council" was a reference to the support of his own campaign committee. By failing to do so, respondent "falsely publicized that there was a viable and independent organization called the 'Neighborhood Protection Council' that endorsed his candidacy for judge." Thus, respondent's advertisements were "deceptive and false." The panel concluded that respondent's publications violated Canon 7(D) (campaign standards—false statements as to endorsements) and 7(E) (campaign communications—deceiving or misleading campaign information) of the Code of Judicial Conduct. The panel,

however, found that relator had not proved by clear and convincing evidence other asserted violations of the Code of Judicial Conduct or of the Ohio Revised Code.

{¶ 8} In mitigation, the panel noted that respondent has practiced law since 1967 and has never been disciplined by the court in over 35 years of practice. In contrast, as an aggravating factor, the panel noted that respondent "insists that he did nothing wrong and that his campaign advertisements and letters are not misleading." Relator recommended a public reprimand, and the respondent requested that the complaint be dismissed. The panel recommended a public reprimand. The board adopted the findings and conclusions of the panel and also recommended that respondent be publicly reprimanded.

{¶ 9} We concur in the findings of the board as to respondent's misconduct and its conclusion that respondent violated Canon 7(D) and Canon 7(E) of the Code of Judicial Conduct. By approving and circulating an improper political advertisement, a candidate can violate the Code of Judicial Conduct and receive sanctions. See *In re Complaint Against Harper* (1996), 77 Ohio St.3d 211, 673 N.E.2d 1253 (public reprimand for improper campaign advertisements); *In re Judicial Campaign Complaint Against Burick* (1999), 95 Ohio Misc.2d 1, 9, 705 N.E.2d 422 (Judicial Code violation for "misleading and deceiving" information about endorsements); *In re Judicial Campaign Complaint Against Roberts* (1996), 81 Ohio Misc.2d 59, 675 N.E.2d 84 (Judicial Code violation for false statement of endorsement).

{¶ 10} The false, improper, and misleading nature of respondent's political advertisement is clear. Canon 7(C)(2)(a) of the Code of Judicial Conduct specifies, "A judicial candidate personally shall not solicit or receive campaign funds. A judicial candidate may establish a committee to secure and manage the expenditure of funds for his or her campaign and to obtain statements of support for his or her candidacy." Since the purpose of a campaign committee is to receive campaign contributions and obtain endorsements, a campaign committee does not itself endorse a candidate. Yet respondent's advertisements led the reader to believe that an independent entity named the "Neighborhood Protection Council" had endorsed respondent. No such entity existed. Relator correctly notes that the concept that a voter should select a candidate because that candidate's own campaign committee endorsed the candidate "is an insult to the intelligence of Ohio's voters." Respondent's advertisements were designed to deceive the voters.

{¶ 11} As we have noted, "[w]hen deciding what sanction to impose, we consider the duties violated, respondent's mental state, the injury caused, the existence of aggravating or mitigating circumstances, and applicable precedent." *Disciplinary Counsel v. Evans* (2000), 89 Ohio St.3d 497, 501, 733 N.E.2d 609. In

*Evans,* we imposed a six-month stayed suspension for various violations of the Code of Judicial Conduct that occurred during a political campaign, including an exaggeration of political endorsements that violated Canon 7(E) of the Code of Judicial Conduct. In *In re Roberts,* 81 Ohio Misc.2d 59, 675 N.E.2d 84, the respondent candidate was fined and ordered to pay costs for false statements about endorsements. See, also, *In re Judicial Campaign Complaint Against Hildebrandt* (1997), 82 Ohio Misc.2d 1, 675 N.E.2d 889.

{¶ 12} In this case, we find, as in *Evans,* that a stayed suspension is the appropriate penalty to impose upon respondent. As an aggravating factor, respondent expresses no regret for his actions and "insists he did nothing wrong." Respondent thus refuses "to acknowledge [the] wrongful nature of [his] conduct." See Section 10, Guidelines for Imposing Lawyer Sanctions of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline. As a mitigating factor, respondent has no previous disciplinary record.

{¶ 13} In this case, the serious nature of the deceptive and misleading campaign literature that respondent used in his judicial campaign warrants more serious disciplinary action than a reprimand. Respondent deliberately misled voters by using a deceptive name for his campaign committee and then circulated advertisements that would lead voters to believe that an independent organization had examined the credentials of all of the candidates and concluded that respondent was the best-qualified candidate for common pleas judge. Respondent was required to run for election on his own qualifications and not on the purported endorsement of an independent entity that was in fact his own campaign committee.

{¶ 14} We conclude, as in *Evans,* that a six-month stayed suspension is the appropriate penalty to impose upon respondent. Therefore, respondent is hereby suspended from the practice of law in Ohio for six months, but that suspension is stayed on the condition that respondent commit no Disciplinary Rule violations during the period. If respondent violates the condition of this stay, the stay will be lifted and respondent will serve the six-month suspension. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

F.E. SWEENEY and O'DONNELL, JJ., dissent and would publicly reprimand respondent.

————————

Jonathan E. Coughlan, Disciplinary Counsel, and Lori J. Brown, First Assistant Disciplinary Counsel, for relator.

Gerhard H. Kaup, for respondent.