TOLEDO BAR ASSN. *v.* LOWDEN.

[Cite as *Toledo Bar Assn. v. Lowden,*
108 Ohio St.3d 1211, 2006-Ohio-902.]

(No. 2004–1799—Submitted January 25, 2006—Decided February 6, 2006.)

{¶ 1} On May 18, 2005, this court suspended respondent, Jeffrey T. Lowden, for a period of two years, stayed on the conditions that he: 1) continue his mental-health treatment; 2) provide quarterly reports to relator about his progress throughout the stayed suspension; and 3) make restitution in the Miller matter within 90 days of the order. The order further stated that if respondent failed to comply with any of the conditions, the stay would be lifted and respondent would serve the entire two-year suspension. Respondent was further ordered to pay board costs in the amount of $2,026.45 and publication costs in the amount of $300.05. These costs and all accrued interest remain unpaid. On December 1, 2005, relator, Toledo Bar Association, filed a motion for order to show cause and to lift stay of respondent's two-year suspension for respondent's failure to comply with the conditions set forth in the May 18, 2005 order. On December 19, 2005, the court granted the motion to the extent that respondent was to show cause, in writing, within 20 days of the order. Respondent did not respond. Upon consideration thereof,

{¶ 2} IT IS ORDERED that the previously imposed stay is revoked and respondent, Jeffrey T. Lowden, Attorney Registration No. 0071548, last known business address in Toledo, Ohio, is suspended for a period of two years. It is further ordered that respondent continue his mental-health treatment and provide quarterly reports to relator about his progress during the suspension. Respondent is ordered to file evidence of his restitution in the Miller matter on or before 30 days from the date of this order. Upon any application that respondent files for his reinstatement to the practice of law in Ohio, he is required, in addition to the requirements of Gov.Bar R. V(10), to submit evidence, in the form of a mental-health evaluation, showing that he is capable of returning to the competent and ethical practice of law.

{¶ 3} IT IS FURTHER ORDERED that the respondent immediately cease and desist from the practice of law in any form and is hereby forbidden to appear on behalf of another before any court, judge, commission, board, administrative agency or other public authority.

{¶ 4} IT IS FURTHER ORDERED that respondent is hereby forbidden to counsel or advise or prepare legal instruments for others or in any manner perform such services.

{¶ 5} IT IS FURTHER ORDERED that the respondent is hereby divested of each, any, and all of the rights, privileges and prerogatives customarily accorded to a member in good standing of the legal profession of Ohio.

{¶ 6} IT IS FURTHER ORDERED that, pursuant to Gov.Bar R. X(3)(G), respondent shall complete one credit hour of continuing legal education for each month, or portion of a month, of the suspension. As part of the total credit hours of continuing legal education required by Gov.Bar R. X(3)(G), respondent shall complete one credit hour of instruction related to professional conduct required by Gov.Bar R. X(3)(A)(1) for each six months, or portion of six months, of the suspension.

{¶ 7} IT IS FURTHER ORDERED, sua sponte, by the court that, within 90 days of the date of this order, respondent shall reimburse any amounts that have been awarded against the respondent by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered, sua sponte, by the court that if, after the date of this order, the Clients' Security Fund awards any amount against the respondent pursuant to Gov.Bar R. VIII(7)(F), the respondent shall reimburse that amount to the Clients' Security Fund within 90 days of the notice of such award.

{¶ 8} IT IS FURTHER ORDERED that respondent shall not be reinstated to the practice of law in Ohio until (1) respondent files with this court evidence, in the form of a mental-health evaluation, showing that he is capable of returning to the competent and ethical practice of law; (2) respondent complies with the requirements for reinstatement set forth in the Supreme Court Rules for the Government of the Bar of Ohio; (3) respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio; (4) respondent complies with this and all other orders of the court; and (5) this court orders respondent reinstated.

{¶ 9} IT IS FURTHER ORDERED that, on or before 30 days from the date of this order, respondent shall:

{¶ 10} 1. Notify all clients being represented in pending matters and any co-counsel of respondent's suspension and consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in respondent's place;

{¶ 11} 2. Regardless of any fees or expenses due respondent, deliver to all clients being represented in pending matters any papers or other property pertaining to the client, or notify the clients or co-counsel, if any, of a suitable

time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

{¶ 12} 3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in the possession or control of respondent;

{¶ 13} 4. Notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties, of respondent's disqualification to act as an attorney after the effective date of this order, and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

{¶ 14} 5. Send all notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

{¶ 15} 6. File with the Clerk of this court and the Disciplinary Counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of notices required herein, and setting forth the address where the respondent may receive communications; and

{¶ 16} 7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

{¶ 17} IT IS FURTHER ORDERED that respondent shall keep the Clerk, the Toledo Bar Association, and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

{¶ 18} IT IS FURTHER ORDERED, sua sponte, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

{¶ 19} IT IS FURTHER ORDERED, sua sponte, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Section.

{¶ 20} IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

{¶ 21} For earlier case, see *Toledo Bar Assn. v. Lowden*, 105 Ohio St.3d 377, 2005-Ohio-2162, 826 N.E.2d 836.

MOYER, C.J., RESNICK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

PFEIFER, O'DONNELL and LANZINGER, JJ., concur but would not require the mental-health evaluation.