Toledo Bar Association *v.* Lowden.

[Cite as *Toledo Bar Assn. v. Lowden,* 117
Ohio St.3d 396, 2008-Ohio-1199.]

(No. 2007–1919—Submitted December 12, 2007—Decided March 20, 2008.)

———————

**Per Curiam.**

{¶ 1} Respondent, Jeffrey T. Lowden of Sylvania, Ohio, Attorney Registration No. 0071548, was admitted to the practice of law in Ohio in 1999 but has since been suspended from practice three times. On April 24, 2003, we suspended respondent's license on an interim basis pursuant to Gov.Bar R. V(5)(A)(4) for his failure to pay child support. *In re Lowden,* 98 Ohio St.3d 1547, 2003-Ohio-2032, 787 N.E.2d 9 (*"Lowden I "*). Respondent cured the default and was reinstated in June 2003, but on May 18, 2005, we suspended his license for two years because he failed to finish representing two clients and improperly signed and notarized one client's signature. *Toledo Bar Assn. v. Lowden,* 105 Ohio St.3d 377, 2005-Ohio-2162, 826 N.E.2d 836 (*"Lowden II "*). We stayed the two-year suspension on conditions, including that he continue his mental-health treatment. During the stay, respondent was again briefly suspended for failure to pay child support. *In re Lowden,* 106 Ohio St.3d 1473, 2005-Ohio-3914, 832 N.E.2d 58 (*"Lowden III "*). Also during the stay, respondent failed to comply with at least one of the conditions, so on February 6, 2006, we lifted the stay and placed respondent on a two-year suspension from practicing law. See *Toledo Bar Assn. v. Lowden,* 108 Ohio St.3d 1211, 2006-Ohio-902, 843 N.E.2d 187 (*"Lowden IV "*).

{¶ 2} The Board of Commissioners on Grievances and Discipline now recommends that we suspend respondent's license to practice for a third year, based on findings that he failed to appear at a client's criminal trial, lost touch with his client, and then did not return unearned fees. The board further recommends that respondent not be reinstated unless he complies with the conditions imposed in *Lowden IV.* On review, we agree that respondent violated DR 6–101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter) and 9–102(B)(4)

(requiring a lawyer to promptly pay funds in the lawyer's possession to which the client is entitled) as found by the board and that the recommended sanction is appropriate.

{¶ 3} Relator, Toledo Bar Association, initially charged respondent with five counts of misconduct, the last of which alleged violations of DR 6–101(A)(3) and 9–102(B)(4), among others. The board appointed a panel to hear the case, and the panel found the cited misconduct, unanimously dismissing the charges of other violations. The panel recommended the one-year suspension with conditions, and the board adopted the panel's findings and recommendation.

## Misconduct

{¶ 4} In October 2005, Eugene Spearman hired respondent to defend him against a petty-theft charge in the Toledo Municipal Court. Respondent agreed to take the case for a $300 flat fee. Spearman paid respondent $150 that day and agreed to pay the balance later.

{¶ 5} Respondent appeared with Spearman at his arraignment, at which his client entered a plea of not guilty, and the court set the case for trial in November 2005. That November, Spearman paid respondent the remaining $150, they appeared in court, and the court continued the case, setting a new trial date of December 8, 2005. Spearman appeared for trial, but respondent did not.

{¶ 6} When respondent failed to appear, Spearman called him many times and left messages. Respondent did not complete the representation and did not return his client's calls or any of his money. Spearman eventually hired another attorney to represent him and had to pay the new attorney another $300.

{¶ 7} By abandoning his client's case and failing to return unearned fees, respondent violated DR 6–101(A)(3) and 9–102(B)(4).

## Sanction

{¶ 8} In mitigation of this misconduct, respondent testified that he had been hospitalized and attempting to close his practice when he failed to appear at Spearman's trial. He offered no documentation, however, to show that he was incapacitated or that he had made any efforts to close his office. The board did not find respondent's testimony mitigating. As aggravating factors, the board found that respondent committed his misconduct while his license was under a stayed suspension and that he had a significant record of professional discipline.

{¶ 9} The board recommended that we suspend respondent for one year and not reinstate him until he returns Spearman's $300 and fulfills the conditions we ordered in *Lowden IV*. Those conditions included that respondent (1) continue his mental-health treatment and provide quarterly reports to relator, (2) make restitution to a client he neglected in *Lowden II,* and (3) file with this court

evidence, in the form of a mental-health evaluation, showing that he is capable of returning to the competent and ethical practice of law. 108 Ohio St.3d 1211, 2006-Ohio-902, 843 N.E.2d 187, ¶ 8. The parties have not objected to this recommendation.

{¶ 10} We have in the past acknowledged that respondent suffers from a debilitating mental illness, a bipolar disorder of the manic type, and has experienced paranoid delusions. *Lowden II*, 105 Ohio St.3d 377, 2005-Ohio-2162, 826 N.E.2d 836, ¶ 10–14. His disability at that time "did not merely impede his performance on his clients' behalf, it effectively prevented him from functioning at all in accordance with his professional oath." By staying the effect of the two-year suspension ordered in *Lowden II*, we tried to help respondent manage his condition and at the same time protect his clients from further improprieties. Id. at ¶ 20.

{¶ 11} But respondent continues to violate his professional oath, apparently because disability continues to prevent his competent and conscientious representation of clients. The board's sanction is thus appropriate. We suspend respondent from the practice of law for one year, with the suspension to be served consecutively to the sanction imposed in *Lowden IV*. Respondent shall not be reinstated unless he shows proof that he (1) has returned Spearman's $300, (2) has continued in his mental-health treatment and provided quarterly reports of his progress to relator, (3) has made restitution as ordered in *Lowden II*, and (4) has been evaluated by a qualified mental-health professional as being capable of returning to the competent and ethical practice of law.

{¶ 12} Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Vassar, Dills, Dawson & Bonfiglio, L.L.C., and Joseph P. Dawson; Law Office of Arnold N. Gottlieb and Arnold N. Gottlieb; and Yulanda L. McCarty–Harris, for relator.

Jeffrey T. Lowden, pro se.