**In re JUDICIAL CAMPAIGN COMPLAINT AGAINST KEYS et al.**

Commission of Judges
Appointed by
Supreme Court of Ohio.

Nos. 96–1814 and 96–1815.

Decided Sept. 11, 1996.

ORDER OF THE COMMISSION OF JUDGES.

This matter came to be reviewed by a commission of five judges appointed by the Supreme Court of Ohio pursuant to Gov.Jud.R. II(5)(E)(1) and R.C. 2701.11. The commission members are as follows: Judges Denise Ann Dartt, Chair; David A. Ellwood, George Gounaris, Cheryl S. Karner and William G. Lauber.

Complaints filed against respondents James G. Keys, Jr. and Christine Tailer by complainant Thomas Robinson with the Board of Commissioners on Grievances and Discipline of the Supreme Court allege that the respondents violated Canon 7(B)(2)(b) of the Ohio Code of Judicial Conduct by having their names placed on an invitation to another candidate's fund-raiser, and that such action constituted a public endorsement of a candidate for another public office. Both

respondents are currently candidates for the office of Judge of the Common Pleas Court of Hamilton County.

The complaint was heard by a panel of the Board of Commissioners on Grievances and Discipline on July 29, 1996 and the Findings of Facts, Conclusions of Law, and Recommendation of the Hearing Panel was filed with the Supreme Court of Ohio on August 2, 1996. (See Appendix.) The panel, having found that the respondents violated Canon 7(B)(2)(b) of the Ohio Code of Judicial Conduct recommended that the respondents cease and desist the conduct and further that no fine or other sanction be imposed.

Respondents and complainant agreed to submit the record and the report of the panel to this commission for its consideration without further evidence or argument. The commission was convened on August 26, 1996 to review the report of the panel and the transcript of the proceedings. Upon review of same, we hereby adopt the recommendation of the hearing panel in all respects. Costs to be assessed to respondents.

*So ordered.*

## APPENDIX

By the Hearing Panel.

This matter came to be considered upon a hearing by a duly authorized panel of the Board of Commissioners on Grievances and Discipline ("board") on July 29, 1996, pursuant to Gov.Jud.R. II(5) and Gov.Bar R. V, upon a judicial campaign complaint filed against James G. Keyes, Jr. and Christine Tailer by complainant Thomas Robinson. The hearing panel consisted of Martin J. O'Connell of Girard, a lay member and current member of the board; attorney Steven C. Hollon of Dayton, a past member of the board; and, as chairman, attorney David S. Bloomfield of Columbus, a past member of the board. As required by Gov.Jud.R. II(5)(C)(1), none of the members of the panel is a resident of the judicial district in which the complaint arose.

## *I. FINDINGS OF FACT AND CONCLUSIONS OF LAW*

Respondents are both admitted to the practice of law in the state of Ohio and are judicial candidates for the Hamilton County Common Pleas Court for the November 5, 1996 election.

Hamilton County Recorder Eve Bolton sent out invitations for a June 12, 1996 fund-raising event in support of her re-election to public office. The invitation stated, *inter alia,* "Please Join The Hamilton County Legal Community in *supporting* Eve Bolton's Re-election for Recorder [emphasis added]." Invitations were sent out to approximately 2,800 members of the legal community of Hamilton County. Respondents Keyes and Tailer were both listed on the

invitation to Bolton's fund-raising event as members of the committee for that event. The invitation to the fund-raising event was sent out for one event only and to the 2,800 members of the Hamilton County Bar Association.

Respondent Tailer agreed to have her name listed on said fund-raising invitation and after some thinking requested that her name be removed, as it would be a violation of the judicial canons. She did so prior to the fund-raiser in question, but it was apparently too late to accomplish the removal. Respondent Keys, on the other hand, admits allowing his name to be placed on the invitation but claims he did not realize it was a violation; therefore, he did not request withdrawal at any time, stating that it was a one-time only event. He also testified that he had seen the same type of circumstance before and never realized that it constituted a violation. He now acknowledges that the activity may be deemed to be in violation of the canons.

Further, respondents claim, and the complainant does not deny, that since officially seeking judicial office their names were publicly associated with Bolton's campaign only this one time. Respondents are not now associated publicly with Bolton's campaign nor will they be in the future according to Bolton and other witnesses at the hearing.

The Ohio Code of Judicial Conduct states, at Canon 7(B)(2)(b):

"(B) Political and Campaign Conduct in General.

" * * *

"(2) A judge or judicial candidate shall not do any of the following:

" * * *

"(b) Make speeches for a political organization or another candidate at a political meeting or *publicly endorse or oppose a candidate for another public office*[.]" (Emphasis added.)

The complaint against the respondents asserts that they have violated the above-stated Canon 7(B)(2)(b) of the Ohio Code of Judicial Conduct by having their names on the invitation to Bolton's fund-raiser. This panel finds that the respondents have violated that section of the Ohio Code of Judicial Conduct. The fund-raiser was clearly "public" as that term is understood by the panel. The inclusion of the respondents' names on the invitation that stated the mission of the fund-raiser as "supporting Eve Bolton's Re-election" to the public office of county recorder can only be seen as endorsing Bolton. This panel finds that the respondents "publicly endorse[d] * * * a candidate for another public office" in violation of Canon 7(B)(2)(b).

4

## RECOMMENDATION

The panel recognizes that this was a technical violation of the Ohio Code of Judicial Conduct. Additionally, the violation took place in the context of one set of invitations sent to a limited group of the public. This panel, therefore, recommends that the respondents desist from this conduct and cease such conduct in the future. The respondents are not currently in violation of this section of the Ohio Code of Judicial Conduct and have stated that they will carefully avoid such violations in the future. Since the respondents have already desisted from this conduct, this panel recommends that there be no fine or other sanction imposed. There is no reason for the Ohio Supreme Court to consider this matter on an expedited basis, as the conduct in question is in the past and is unlikely to recur in the future.

Therefore, it is the recommendation of this panel that a finding of a violation of Canon 7(B)(2)(b) be found and that no sanction lie because the complained-of conduct was unintentional, no longer exists, and is not likely to recur. Each party to this proceeding should bear his or her own costs; however, the costs of the board proceedings are assessed against the respondents equally.

Respectfully submitted this 2nd day of August, 1996.

DAVID S. BLOOMFIELD, Chairman, STEVEN C. HOLLON and MARTIN J. O'CONNELL, concur.