**In re JUDICIAL CAMPAIGN COMPLAINT AGAINST ROBERTS.**

No. 96–2398.

Commission of Judges
Appointed By
Supreme Court of Ohio.

Decided Dec. 18, 1996.

ORDER OF THE COMMISSION OF JUDGES.

This matter came to be reviewed by a commission of five judges appointed by the Supreme Court of Ohio pursuant to Gov.Jud.R. II(5)(E)(1) and R.C. 2701.11.

The commission members are as follows: Judges James A. Brogan, Chair; Cynthia Lazarus, James Sherck, Jon Spahr, and Thomas Swift.

The complaint filed against respondent, Judge Robert C. Roberts, alleged that Judge Roberts in the course of a judicial campaign for the office of judge of the Court of Appeals for the Seventh District disseminated campaign material implying that he currently holds the judicial office of court of appeals judge when in fact he is not an incumbent. The complainant, Edwin Romero, alleged that this conduct by Judge Roberts violated Canon 7(B)(2)(f), Canon 7(D)(1), and Canon 7(E)(1).

Romero also alleged that Judge Roberts in the same campaign circulated campaign literature which implied that the legal community in the eight counties within the appellate district had endorsed his candidacy when only the Mahoning County Bar Association had endorsed his candidacy. Romero contended this conduct by Roberts violated Canon 7(D)(8).

The complaint was heard by a panel of the Board of Commissioners on Grievances and Discipline on October 23, 1996 and the panel found that Judge Roberts had acted with reckless disregard when he used a campaign lapel sticker which implied that he was an incumbent judge on the Seventh District Court of Appeals. (See Exhibit A.)

The panel also found that Roberts's campaign literature that stated "the legal Community says Only County Court Judge Bob Roberts is qualified to be Judge of the 7th District Court of Appeals" violated Canon 7(D)(8) because it falsely stated the source of an endorsement by an organization. The panel found that Roberts acted with reckless disregard for the truth of this statement because he knew that only the Mahoning County Bar Association had endorsed his candidacy.

The commission was convened on November 26, 1996 to review the report of the panel and the transcript of the proceedings. The respondent and complainant were permitted the opportunity to file additional briefs to those previously submitted.

■ After careful consideration, the majority of the commission finds that the complainant has failed to prove by clear and convincing evidence that the respondent violated the judicial canons by circulating the lapel stickers. (See Exhibit A.)

Canon 7(B)(2)(f) provides that a judge or judicial candidate shall not "[k]nowingly misrepresent his or her * * * present position * * *." Canon 7(D)(1) provides that a judicial candidate shall not knowingly or with reckless disregard "[u]se the title of an office not currently held by a judicial candidate in a manner that implies that the judicial candidate does currently hold that office[.]" Canon 7(E)(1) provides that a judicial candidate shall not knowingly or with reckless disregard distribute information knowing the information to be false, or with reckless disregard of whether or not it was false, or if true, would be deceiving or misleading to an ordinary person.

The respondent argues that the lapel sticker did not imply that he currently holds the office of court of appeals judge. In the alternative he argues that even if the sticker was potentially misleading in that respect, he did not act with reckless disregard to the Canon's requirements.

The lapel sticker in question (Exhibit A) is circular in three colors, red, black, and white. The words "For Court of Appeals Judge" are separated from respondent's name, Roberts, by a line and stars in a different color than the wording. While the lapel sticker is potentially misleading, we cannot say that the respondent acted knowingly or recklessly in circulating the lapel sticker.

■ We cannot, however, say the same as to the campaign literature which Roberts circulated stating he was endorsed by the "legal community" in the appellate district. Roberts admitted that only the Mahoning County Bar Association endorsed his candidacy and there were seven other counties in the district. Canon 7(D)(8) provides that a judicial candidate shall not knowingly or with reckless disregard "falsely state the endorsement of * * * [an] organization * * *." We find clear and convincing evidence that the respondent violated Canon 7(D)(8).

■ The panel previously recommended that the respondent be fined $250 and pay the costs of this proceeding. We hereby fine the respondent $125 and costs are assessed to the respondent.

*So ordered.*

BROGAN, SHERCK, SPAHR and SWIFT, JJ., concur.

LAZARUS, J., concurs in part and dissents in part.

LAZARUS, Judge, concurring in part and dissenting in part.

I concur with the majority opinion in the finding of a violation of Canon 7(D)(8) of the Ohio Judicial Code on Count II of the complaint.

However, being unable to agree with the majority in its failure to find a violation of Canon 7(D)(1) of the Ohio Judicial Code on Count I of the complaint, I respectfully dissent in part. That Canon provides:

"(D) Campaign Standards. During the course of any campaign for nomination or election to judicial office, a judicial candidate, by means of campaign materials, including sample ballots, an advertisement on radio or television or in a newspaper or periodical, a public speech, press release, or otherwise, shall not knowingly or with reckless disregard do any of the following:

"(1) Use the title of an office not currently held by a judicial candidate in a manner that implies that the judicial candidate does currently hold that office * * *."

The hearing panel found that respondent violated this section of the Code of Judicial Conduct with reckless disregard through his dissemination of campaign lapel stickers. On those stickers, respondent used the title "Judge" without an indication of the court on which he was then serving. Although respondent testified that he had reviewed the judicial canons, attended the mandatory judicial campaign seminar, and was aware of the earlier case, *In re Judicial Campaign Complaint Against Emrich* (1996), 78 Ohio Misc.2d 32, 669 N.E.2d 586 (Ohio Commission of Judges), the hearing panel afforded respondent the benefit of the doubt and found that he had not knowingly violated the Canon but had "surely acted with reckless disregard." The majority of this judicial commission, however, found that, although the sticker was potentially misleading, it could not find that respondent had acted knowingly or recklessly in his use of the stickers.

Being unable to agree with that finding, I respectfully dissent.

Given respondent's admitted understanding of the interpretation of the Canon contained in *Emrich,* I would find a knowing violation of Canon 7(D)(1). *Emrich* discusses Opinion 89–15, issued by the Board of Commissioners on Discipline and Grievances, which provides in pertinent part:

"In judicial campaigns, use of the title 'judge' without indicating that the candidate sits in a court different from the one that is the subject of the campaign is misleading and should be avoided."

Respondent testified that he understood that the *Emrich* decision:

" * * * says that you can't call yourself judge in a manner that implies that you already hold the office that you're seeking.

"And in that case I think—in the Emrich case he, according to the opinion in that case, he had material that said elect Judge Emrich, common pleas, or something like that, and hadn't said county court judge * * *."  (Tr. 16.)

Respondent then conceded that his stickers similarly failed to identify the judicial office that he currently held.  The hearing panel concluded: "The average person looking at the statement, 'for Court of Appeals Judge Roberts' would be led to believe that the candidate currently is a judge on the Court of Appeals."

I agree with the panel's conclusion that the campaign material constituted a violation of Canon 7(D)(1).  However, I believe that respondent's testimony supports a finding that such violation was done knowingly rather than with reckless disregard.  It is imperative that candidates for judicial office conduct their campaigns within the spirit as well as the letter of the Code of Judicial Conduct.  Judicial campaigns that attempt to skate just outside the boundary of a violation of the canons by having the candidate disclaim any intent to do wrong must not be sanctioned.  Accordingly, I would modify the report of the hearing panel to find a knowing violation of Count I of the complaint.

EXHIBIT A