IN RE JUDICIAL CAMPAIGN COMPLAINT AGAINST MOLL.

[Cite as *In re Judicial Campaign Complaint Against Moll,* 135 Ohio St.3d 156, 2012-Ohio-5674.]

*Judicial candidate—Code of Judicial Conduct—Gov.Jud.R. II(5)(E)—Former magistrate's use of robe and title in campaign flyer.*

(No. 2012-1186—Submitted October 23, 2012—Decided December 6, 2012.)

APPEAL from the Order of the Judicial Commission of the Supreme Court.

_____

**Per Curiam.**

{¶ 1} Respondent, Jeanette M. Moll of Zanesville, Ohio, Attorney Registration No. 0066786, was admitted to the practice of law in Ohio in 1996. Moll was a candidate for Judge of the Fifth District Court of Appeals of Ohio for the six-year term beginning February 11, 2013.[1] A five-member judicial commission appointed by this court concluded that the record supported the finding of a panel of the Board of Commissioners on Grievances and Discipline that Moll had violated several provisions of Canon 4 of the Code of Judicial Conduct, and Moll appeals. Moll also contests the commission's imposition of a cease-and-desist order, a $1,000 fine, attorney fees of $2,500, and costs as sanctions premised upon her violations of the Code of Judicial Conduct. We agree with the commission that the finding of professional misconduct is supported by the record and affirm the sanctions imposed by the commission.

**Facts**

{¶ 2} The secretary of the board charged Moll in a three-count complaint with multiple violations of the Code of Judicial Conduct. The panel of three

_____

1. Moll won in the primary election but lost in the general election.

board members held a hearing on the matter and made findings of fact and conclusions of law. The panel found that Moll had committed the violations of the Code of Judicial Conduct charged in the first count of the complaint, which related to her use of a campaign flyer, but dismissed the charges in the second and third counts because of the lack of clear and convincing proof. The panel recommended that the commission issue interim and permanent orders that Moll immediately and permanently cease using the campaign flyer specified in the first count. The panel also recommended that Moll be assessed a fine of $1,000 and the costs of the proceeding but that the fine be stayed on condition of no further violations of the Code of Judicial Conduct relating to judicial-campaign conduct.

{¶ 3} On July 31, 2012, the commission issued the recommended cease-and-desist order. 132 Ohio St.3d 1489, 2012-Ohio-3440, 971 N.E.2d 965. Both Moll and complainant filed objections to the panel's report. On August 30, 2012, the commission affirmed the hearing panel's finding that Moll had committed multiple violations of the Code of Judicial Conduct. 132 Ohio St.3d 1505, 2012-Ohio-3952, 973 N.E.2d 273. The commission ordered Moll to pay a $1,000 fine and the costs of the proceeding and to pay complainant $2,500 in attorney fees. *Id.*

{¶ 4} This cause is now before the court on Moll's appeal of the commission's order pursuant to Gov.Jud.R. II(5)(E).

**Analysis**

*Scope of Appeal*

{¶ 5} In her appeal from the commission's sanctions, Moll argues that the commission erred in determining that the record supports the hearing panel's findings that she violated Canon 4 of the Code of Judicial Conduct. Complainant contends that the court cannot address this argument because it is outside the scope of this appeal.

2

{¶ 6} Under Gov.Jud.R. II(5)(E), a candidate charged with a violation of Canon 4 of the Code of Judicial Conduct during a campaign for judicial office "may appeal a sanction issued by the commission to the Supreme Court" after the commission has upheld the panel's finding of misconduct.

{¶ 7} A determination of the propriety of the commission's holding that the record supports the hearing panel's finding and that no abuse of discretion occurred is permitted under Gov.Jud.R. II(5)(E). Because the commission's issuance of sanctions is premised on Moll's violations of Canon 4, determination of the propriety of the sanctions necessarily includes consideration of whether the violations are supported by the record. If not, no sanctions would have been permissible.

*Finding of Misconduct—Campaign Materials Including*

*Photograph of Judicial Candidate in a Robe without Specification*

*that Candidate Is Not Currently a Judge or Magistrate*

{¶ 8} The commission determined that the record supports the hearing panel's finding that Moll violated Canon 4 of the Code of Judicial Conduct, which precludes a judge or judicial candidate from engaging in political or campaign activity that is inconsistent with the independence, integrity, or impartiality of the judiciary. This case involves Moll's use of a campaign flyer that gave prospective voters the misleading impression that she was currently serving in an elected or appointed judicial office.

{¶ 9} On the front page of the flyer, below the heading entitled, "Jeanette Moll for Judge," Moll is depicted in a photograph wearing a judicial robe. No text accompanies the photograph to indicate whether Moll was a current or former judge or magistrate. The back of the flyer lists bullet points for Moll's education and experience, including a notation of "Magistrate, Guernsey County," without specifying whether she currently held that position or the dates she served in that position. Moll served as a magistrate for the Guernsey County Court of Common

Pleas from 1997 to 2007, so she was not a magistrate at the time the flyer was distributed.

{¶ 10} The commission agreed with the hearing panel that Moll's campaign flyer contained information that was either knowingly false or made with reckless disregard of whether it was false or, if true, that would be deceiving or misleading to a reasonable person, in violation of Jud.Cond.R. 4.3(A) (prohibiting a judicial candidate from circulating or distributing information concerning a judicial candidate, either knowing the information to be false or with reckless disregard of whether it was false or, if true, that would be deceiving or misleading to a reasonable person), that the campaign flyer implied that Moll was currently in an office that she does not hold, in violation of Jud.Cond.R. 4.3(C) (prohibiting a judicial candidate from knowingly or with reckless disregard using in campaign materials the title of an office not presently held by the judicial candidate in a manner that implies that the judicial candidate does currently hold that office), and that the campaign flyer misrepresented Moll's current position as a private practitioner, in violation of Jud.Cond.R. 4.3(F) (prohibiting a judicial candidate from knowingly or with reckless disregard using campaign materials that misrepresent the candidate's present position).

{¶ 11} The commission did not err in determining that the record supports the hearing panel's determination that Moll's campaign flyer violated Jud.Cond.R. 4.3(A), (C), and (F). In this context, a judicial candidate acts "knowingly" if the result is probable, and the candidate acts "recklessly" if the result is possible and the candidate chooses to ignore the risk. *See In re Judicial Campaign Complaint Against Michael*, 132 Ohio St.3d 1469, 2012-Ohio-3187, 970 N.E.2d 970; *In re Judicial Campaign Complaint Against Emrich*, 75 Ohio St.3d 1517, 665 N.E.2d 1133 (1996). *Compare State ex rel. Oster v. Lorain Cty. Bd. of Elections*, 93 Ohio St.3d 480, 487, 756 N.E.2d 649 (2001) (defining the

term "knowingly" for purposes of election statute according to its ordinary and common meaning that one is aware of existing facts).

{¶ 12} Moll was aware that it was possible that her campaign flyer could mislead or deceive a reasonable person that she currently serves as a judge or magistrate. Moll testified at the panel hearing that the campaign flyer was prepared with her personal knowledge and approval. She attended a judicial candidates seminar in 2011, and upon completion, she certified her understanding of the requirements of the Code of Judicial Conduct. The seminar materials included the full text of Jud.Cond.R. 4.3, a list of the board's advisory ethics opinions, including Advisory Opinion 2003-8 (Dec. 5, 2008), which addresses the "[u]se of a title and the appearance in a robe by a magistrate running for judicial office," and case summaries and opinions, including *In re Judicial Campaign Complaint Against Lilly*, 117 Ohio St.3d 1467, 2008-Ohio-1846, 884 N.E.2d 1101.

{¶ 13} In *Lilly*, the misconduct included a candidate's appearance in a judicial robe although she was not an incumbent judge at the time. Moll used the same photograph in other campaign materials with accompanying language specifying the dates that she had served as magistrate, but she did not use this limiting language in the pertinent campaign flyer. And although she claims that a reasonable person would view her statement on the back of the flyer that states "Magistrate, Guernsey County" to be a chronological, resume-style listing that indicated that she was currently a private practitioner, her resume included the dates she had served in the positions she has held, including her tenure as magistrate. Moll also admitted that the flyer did not indicate whether she could have held the positions of magistrate and private practitioner at the same time.

{¶ 14} As the commission determined, the board's conclusion that Moll violated Jud.Cond.R. 4.3 is consistent with precedent. *See Lilly*, 131 Ohio St.3d 1515, 2012-Ohio-1720, 965 N.E.2d 315 (judicial candidate violated Jud.Cond.R.

4.3 by, among other things, using campaign literature displaying photograph of candidate in judicial robe, without any qualification that the candidate was not currently a judge).

{¶ 15} Moreover, Moll's reliance on a judicial commission's 7-6 decision in *In re Judicial Campaign Grievance Against O'Neill*, 132 Ohio St.3d 1472, 2012-Ohio-3223, 970 N.E.2d 973, to claim that Jud.Cond.R. 4.3 is unconstitutional is misplaced. The decision in *O'Neill* is limited to Jud.Cond.R. 4.3(C) and is further restricted to the rule's application to that respondent under the facts of that case. *Id.* In addition, the disclaimer of "former judge" was prominent in the campaign advertisement at issue in *O'Neill*. By contrast, this case involves Jud.Cond.R. 4.3(A) and (F) in addition to (C), and the campaign flyer contained no accompanying text specifying that Moll was a former magistrate.

{¶ 16} Therefore, the commission correctly affirmed the hearing panel's finding that Moll violated Jud.Cond.R. 4.3(A), (C), and (F).

*Sanction*

{¶ 17} Moll next contends that the commission erred in imposing sanctions of a $1,000 fine, the costs of the proceeding, and $2,500 in attorney fees. Pursuant to Gov.Jud.R. II(5)(D)(1), if the commission concludes that the record supports the hearing panel's finding that a violation of Canon 4 has occurred and that the panel has not abused its discretion, it has the discretion to enter an order that includes one or more of the specified sanctions, including a disciplinary sanction, a fine imposed against the respondent, an assessment against the respondent of the costs of the proceeding, and an assessment against the respondent of the reasonable and necessary attorney fees incurred by the complainant in prosecuting the grievance. *See Miller v. Miller*, 132 Ohio St.3d 424, 2012-Ohio-2928, 973 N.E.2d 228, ¶ 28 (use of the word "may" denotes the granting of discretion). Therefore, on an appeal of the commission's order of

sanctions, our review is limited to whether the commission abused its discretion. "A decision constitutes an abuse of discretion when it is unreasonable, arbitrary, or unconscionable." *State ex rel. Ebbing v. Ricketts*, 133 Ohio St.3d 339, 2012-Ohio-4699, 978 N.E.2d 188, ¶ 13.

{¶ 18} The commission did not abuse its discretion in issuing the sanctions here. Unlike the case relied on by Moll, *In re Judicial Campaign Complaint Against Keys*, 80 Ohio Misc.2d 1, 671 N.E.2d 1124 (1996), to support her claim that any violation was unintentional, there was no unintentional use by a third party of Moll's name in the campaign flyer. Instead, there is clear and convincing evidence that Moll made and approved the flyer and that her violations of Jud.Cond.R. 4.3 in doing so were either knowingly or recklessly committed. Given that the complainant submitted an affidavit of attorney expenses in the sum of $21,121.51 to the commission, we are not persuaded that the commission's assessment of $2,500 in attorney fees as part of the sanction constitutes an abuse of its broad discretion in fashioning a remedy commensurate with the ethical misconduct committed by Moll in her judicial campaign.

{¶ 19} Nor do the remaining sanctions establish that the commission acted in an unreasonable, arbitrary, or unconscionable manner. The primary purpose of these sanctions is to protect the public, and the imposition of fines, costs, and attorney fees acts as a deterrent against similar behavior by judicial candidates who may attempt to mislead or deceive prospective voters in the future. *See Disciplinary Counsel v. O'Neill*, 103 Ohio St.3d 204, 2004-Ohio-4704, 815 N.E.2d 286, ¶ 53 ("the primary purpose of disciplinary sanctions is not to punish the offender, but to protect the public"); *In re Judicial Campaign Complaint Against Per Due*, 98 Ohio St.3d 1548, 2003-Ohio-2032, 787 N.E.2d 10 ("The purpose of sanctions is to inform other judicial candidates of the seriousness of such violations and to deter future similar misconduct. A sanction that may result in effective deterrence best serves the public interest and the profession").

**Conclusion**

**{¶ 20}** Because the commission did not abuse its discretion in issuing sanctions against Moll for her violations of Jud.Cond.R. 4.3, we affirm the order of the commission.

Order affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, and MCGEE BROWN, JJ., concur.

CUPP, J., not participating.

_____

Shumaker, Loop & Kendrick, L.L.P., and David F. Axelrod; and Sue Ann Reulbach, for complainant.

Jeanette M. Moll, pro se.

_____