This matter came to be reviewed by a commission of five judges appointed by the Supreme Court of Ohio on November 6, 2018, in accordance with Gov.Jud.R. II(5)(D)(1) and R.C. 2701.11. The commission members are Judge Nancy A. Fuerst, Chair, Judge Deborah A. Alspach, Judge Fanon A. Rucker, Judge Eugene A. Lucci, and Judge Michael T. Hall.
Procedural History
Complainant, Christopher Grimm, filed a judicial-campaign grievance with the Board of Professional Conduct against respondent, David Gussler Lombardi, a candidate for Judge of the Summit County Court of Common Pleas. After a review by a probable-cause panel of the board under Gov.Jud.R. II(5)(B), the director of the board filed a formal complaint on October 18, 2018. The complaint alleged that respondent violated Jud.Cond.R. 4.3(D) when he knowingly or with reckless disregard distributed campaign material reading "Elect Dave Lombardi for Judge" and that the terms "elect" and "for" were not prominent as defined by Jud.Cond.R. 4.6(N).
The formal complaint was heard by a panel of the board on October 29, 2018; the hearing panel issued a report of its findings, conclusions, and recommendations on November 2, 2018. In the report, the hearing panel recommended that respondent be required to a pay a fine of $1,200 for his violation of Jud.Cond.R. 4.3(D) and the costs of the proceedings.
The commission was provided with the copy of the record certified by the board, including a transcript of the October 29, 2018 proceedings before the hearing panel, exhibits, and the panel's findings of fact, conclusions of law, and recommendation. On November 15, 2018, the commission conducted a telephone conference during which it deliberated on this matter. Upon review of the entire record, the commission unanimously agreed with the panel's conclusion.
COMMISSION OPINION
Pursuant to Gov.Jud.R. II(5)(D)(1), the commission is charged with reviewing the record to determine whether it supports the findings of the hearing panel and that there has been no abuse of discretion by that panel. Based upon review of the record certified by the hearing panel and the report issued by the hearing panel, the commission unanimously holds that there was no abuse of discretion by the hearing panel and that the record supports the panel's findings that respondent violated Jud.Cond.R. 4.3(D) as alleged in Count 1 of the complaint.
Jud.Cond.R. 4.3(D) prohibits a judicial candidate from knowingly or with reckless disregard using the term "judge" when the judicial candidate is not a judge unless that term appears after or below the name of the judicial candidate and is accompanied by either or both of (1) the words "elect" or "vote," in prominent lettering, before the judicial candidate's name and/or (2) the word "for," in prominent lettering, between the name of the judicial candidate and the term "judge."
To establish a violation by respondent requires a finding that respondent acted "knowingly" or "with reckless disregard." The meanings of these terms are established by the Code of Judicial Conduct and case law. Specifically, Jud.Cond.R. 4.6(G) defines "knowingly" as meaning "actual knowledge of the fact in question. A person's knowledge may be inferred from circumstances." A judicial candidate "acts `recklessly' if the result is possible and the candidate chooses to ignore the risk." In re Judicial Campaign Complaint Against Moll, 135 Ohio St.3d 156, 2012-Ohio-5674, 85 N.E.2d 436, ¶ 11.
Evidence adduced at the hearing established that the campaign materials at issue had been previously used by respondent during his 2012 campaign. Respondent failed to determine whether the 2012 materials complied with the current requirements of the 2018 Ohio Code of Judicial Conduct in spite of having attended the two-hour course on campaign practices, finances, and ethics, which included material about the prominence of lettering. The record contains ample clear and convincing evidence and solid analysis by the hearing panel that respondent knowingly and with reckless disregard violated the provisions of Jud.Cond.R. 4.3(D).
Additionally, the evidence and record must establish a finding that the terms "elect" and "for" were not prominent. Jud.Cond.R. 4.6(N) defines "prominent lettering" as "not less than the size of the largest type used to display the title of office or the court to which the judicial candidate seeks election."
Respondent admits that the campaign materials at issue failed to conform with the "prominent lettering" requirements of Jud.Cond.R. 4.6(N), and the exhibits in the record establish the same.
Accordingly, the commission finds that clear and convincing evidence supports the findings of fact, conclusions of law, and recommendations issued on November 2, 2018, by the Board of Professional Conduct of the Supreme Court of Ohio. Furthermore, the commission finds that there has been no abuse of discretion by that panel.
The commission concurs with the recommendation of the hearing panel that respondent be required to pay a fine of $1,200 for his violation of Jud.Cond.R. 4.3(D) and the costs of the proceedings.
The secretary is directed to issue a statement of costs before the commission as well as instructions regarding the payment of the fines and costs. Payment of all monetary sanctions must be made by respondent on or before February 28, 2019. This opinion is to be published by the Supreme Court reporter of decisions in the manner prescribed by Gov.Bar R. V(17)(D)(2).
So Ordered.
/s/ Nancy A. Fuerst Judge Nancy A. Fuerst, Chair /s/ Deborah A. Alspach Judge Deborah A. Alspach /s/ Fanon A. Rucker Judge Fanon A. Rucker /s/ Eugene A. Lucci Judge Eugene A. Lucci /s/ Michael T. Hall Judge Michael T. Hall
This matter came to be reviewed by a commission of five judges appointed by the Supreme Court of Ohio on November 6, 2018, in accordance with Gov.Jud.R. II(5)(D)(1) and R.C. 2701.11. The commission members are Judge Nancy A. Fuerst, Chair, Judge Deborah A. Alspach, Judge Fanon A. Rucker, Judge Eugene A. Lucci, and Judge Michael T. Hall.
Procedural History
Complainant, Christopher Grimm, filed a judicial-campaign grievance with the Board of Professional Conduct against respondent, Thomas Michael McCarty, a candidate for Judge of the Summit County Court of Common Pleas. After a review by a probable-cause panel of the board under Gov.Jud.R. II(5)(B), the director of the board filed a formal complaint on October 18, 2018. The complaint alleged that respondent violated Jud.Cond.R. 4.3(D) when he knowingly or with reckless disregard distributed campaign material reading "Tom McCarty Judge" and that the term "for" was not prominent as defined by Jud.Cond.R. 4.6(N).
The formal complaint was heard by a panel of the board on October 29, 2018; the hearing panel issued a report of its findings, conclusions, and recommendations on November 2, 2018 finding McCarty in violation. In the report, the hearing panel recommended that respondent be required to a pay a fine of $1,200.00 for his violation of Jud.Cond.R. 4.3(D) and the costs of the proceedings.
The commission was provided with the copy of the record certified by the board, including a transcript of the October 29, 2018 proceedings before the hearing panel, exhibits, and the panel's findings of fact, conclusions of law, and recommendation. On November 15, 2018, the commission conducted a telephone conference during which it deliberated on this matter. Upon review of the entire record, the commission unanimously agreed with the panel's conclusion.
COMMISSION OPINION
Pursuant to Gov.Jud.R. II,(5)(D)(1), the commission is charged with reviewing the record to determine whether it supports the findings of the hearing panel and that there has been no abuse of discretion by that panel. Based upon review of the record certified by the hearing panel and the report issued by the hearing panel, the commission unanimously holds that there was no abuse of discretion by the hearing panel and that the record supports the panel's findings that respondent violated Jud.Cond.R. 4.3(D) as alleged in Count 1 of the complaint.
Jud.Cond.R. 4.3(D) prohibits a judicial candidate from knowingly or with reckless disregard using the term "judge" when the judicial candidate is not a judge unless that term appears after or below the name of the judicial candidate and is accompanied by either or both of (1) the words "elect" or "vote," in prominent lettering, before the judicial candidate's name and/or (2) the word "for," in prominent lettering, between the name of the judicial candidate and the term "judge."
To establish a violation by respondent requires a finding that respondent acted "knowingly" or "with reckless disregard." The meanings of these terms are established by the Code of Judicial Conduct and case law. Specifically, Jud.Cond.R. 4.6(G) defines "knowingly" as meaning "actual knowledge of the fact in question. A person's knowledge may be inferred from circumstances." A judicial candidate "acts `recklessly' if the result is possible and the candidate chooses to ignore the risk." In re Judicial Campaign Complaint Against Moll, 135 Ohio St.3d 156, 2012-Ohio-5674, 85 N.E.2d 436, ¶ 11.
Evidence adduced at the hearing established that the campaign materials at issue had been previously used by respondent during his 2009 campaign. Respondent failed to determine whether the 2009 materials complied with the current requirements of the 2018 Ohio Code of Judicial Conduct in spite of having attended the required two-hour course on campaign practices, finances, and ethics, which included material about the prominence of lettering. The record contains ample clear and convincing evidence and solid analysis by the hearing panel that respondent knowingly and with reckless disregard violated the provisions of Jud.Cond.R. 4.3(D).
Additionally, the evidence and record must establish a finding that the term "for" was not prominent. Jud.Cond.R. 4.6(N) defines "prominent lettering" as "not less than the size of the largest type used to display the title of office or the court to which the judicial candidate seeks election."
Respondent admits that the campaign materials at issue failed to conform with the "prominent lettering" requirements of Jud.Cond.R. 4.6(N), and the exhibits in the record establish the same.
Accordingly, the commission finds that clear and convincing evidence supports the findings of fact, conclusions of law, and recommendations issued on November 2, 2018 by the Board of Professional Conduct of the Supreme Court of Ohio. Furthermore, the commission finds that there has been no abuse of discretion by that panel.
The commission concurs with the recommendation of the hearing panel that respondent be required to pay a fine of $1,200 for his violation of Jud.Cond.R. 4.3(D) and the costs of the proceedings.
The secretary is directed to issue a statement of costs before the commission as well as instructions regarding the payment of the fines and costs. Payment of all monetary sanctions must be made by respondent on or before February 28, 2019. This opinion is to be published by the Supreme Court reporter of decisions in the manner prescribed by Gov.Bar.R. V(17)(D)(2).
So ordered.
/s/ Nancy A. Fuerst Judge Nancy A. Fuerst, Chair /s/ Deborah A. Alspach Judge Deborah A. Alspach /s/ Fanon A. Rucker Judge Fanon A. Rucker /s/ Eugene A. Lucci Judge Eugene A. Lucci /s/ Michael T. Hall Judge Michael T. Hall